# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CANAVERAL PORT AUTHORITY, ET AL.**

               **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:09-cv-1919-Orl-28DAB**

**M/V SURFSIDE PRINCESS,** *in rem* **and OCEANS CASINO CRUISES, INC.,** *in personam*,

               **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument[1] on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **ULTRON'S MOTION FOR RETURN OF PROPERTY [ATM MACHINES] IN INCIDENTAL CUSTODY AND OTHERWISE NOT SUBJECT TO THE ARREST OF THE M/V SURFSIDE PRINCESS (Doc. No. 51)** |
| **FILED:** | **March 18, 2010** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |
| **MOTION:** | **REEL GAMES, INC.'S MOTION FOR RELEASE OF SLOT MACHINES/EQUIPMENT (Doc. No. 44)** |
| **FILED:** | **March 5, 2010** |
| **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice. | |

---

[1] An evidentiary hearing was held on April 14, 2010 to address the motions related to release of the slot machines and ATM machines.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE [WHY ARREST OF SLOT MACHINES OWNED BY REEL GAMES SHOULD NOT BE VACATED] (Doc. No. 66)** |
| **FILED:** | **April 5, 2010** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **MOTION FOR ORDER ALLOWING LIENHOLDERS NREC, ABLE OIL AND INTERBAY COATINGS TO INTERVENE AS PLAINTIFFS (Doc. No. 68)** |
| **FILED:** | **April 7, 2010** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **MOTION TO INTERVENE AS PLAINTIFFS BY SEAMEN GROUP ONE (Doc. No. 69)** |
| **FILED:** | **April 7, 2010** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **AGREED MOTION TO ELIMINATE RESPONSE TO REEL GAMES' MOTION FOR ORDER TO SHOW CAUSE (Doc. No. 86)** |
| **FILED:** | **April 19, 2010** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

M/V Surfside Princess is owned by Surfside Princess, LLC and chartered by Oceans Casino Cruises, Inc. ("Oceans Casino"). Oceans Casino filed a Chapter 7 bankruptcy in the United States Bankruptcy Court - Southern District of Florida. Case No. 09-38645-RBR. *See* Doc. No. 37. An Involuntary Bankruptcy Petition was filed on January 19, 2010 against the owner of the Vessel, Surfside Princess, LLC, in the Middle District of Florida Bankruptcy Court, Orlando Division. *Id*.

On February 4, 2010, Orchard Drive, LLC filed a motion for relief from the automatic stay in Surfside Princess, LLC, which was granted on March 1, 2010. Doc. No. 39.

The Middle District of Florida Bankruptcy Court subsequently modified the automatic stay to permit Orchard Drive to foreclose its preferred ship mortgage and to assert its maritime lien claims, including the arrest of the Vessel owned by Surfside Princess, LLC, to permit all other parties with maritime lien claims to assert and foreclose on those maritime lien claims, and to allow the sale of the Vessel, to determine the priority of all *in rem* claims and to distribute the proceeds of the sale of the vessel in accordance with the priority *in rem* claims[2]. Doc. No. 39 at 4.

Intervening Plaintiff, Orchard Drive, LLC, is the holder of First and Second Preferred Ship Mortgages, as well as assignee of maritime liens for crew wages and necessaries by Sophlex Enterprises. Reel Games, a creditor of the charter party Oceans Casino Cruises, Inc., filed an objection to Orchard Drive's Motion for Issuance of Warrant in Rem (Doc. No. 28) seeking the return of 681 slot machines, which it argues were leased to Oceans Casino Cruises, Inc. for use aboard the Vessel. The Court granted Orchard Drive's Motion for Issuance of Warrant in Rem And/or Summons on March 4, 2010, and ordered Reel Games to raise the issue from its objection as to whether Reel Games is entitled to remove the slot machines at issue from the Vessel as a separate motion, which it did, and the matter came on for evidentiary hearing. Doc. No. 41, 44.

Subsequent to the Court's issuance of a notice setting the evidentiary hearing on whether certain equipment on the Vessel was appurtenant or incidentally on board (*i.e.*, slot machines, ATM machines), other potential maritime lienholders filed Motions to Intervene as Plaintiffs – three entities who allege they provided necessaries (engines and parts, fuel, lubricant, paint and supplies) to the

---

[2]Orchard Drive has since filed an Amended Complaint in this Court which drops Surfside Princess, LLC, as well as a Notice of Voluntary Dismissal Without Prejudice of its claims against the entity. Doc. Nos. 45, 46.

-3-

M/V Surfside Princess[3], and a group of 34 seamen who are allegedly owed their wages – in addition, the Motion states there is a second group of up to 300 seamen "who will later request intervention" and be designated as "Seamen Group Two." Doc. No. 69. Another slot machine supplier, IGT, has also filed a Verified Complaint *in rem* asserting a claim to enforce a maritime lien for necessaries arising from slot machines provided to Oceans Casino for placement on the Vessel[4]. Doc. No. 75.

As explained by the Court previously in another recent case involving a gambling vessel, *Canaveral Port Authority v. M/V Liquid Vegas*, 2009 WL 3347596, *4 (M.D. Fla. Oct. 15, 2009):

> A maritime lien is a privileged claim upon maritime property, such as a vessel, arising out of services rendered to . . . that property. The lien attaches simultaneously with the cause of action and adheres to the maritime property even through changes of ownership until it is executed through the *in rem* legal process available or is somehow extinguished by operation of law. A maritime lien is thus a proprietary interest in a *res* that is independent of possession and is not extinguished by transfer of ownership even to a good faith purchaser." Thomas J. Schoenbaum, 1 Admiralty and Maritime Law § 9-1 (4th ed.2004). The scope of a maritime lien includes the vessel and its apparel, fixtures, and appurtenances, even if they are leased or owned by someone other than the vessel owner. *Southwest Washington Prod. Credit Association v. O/S New San Joseph*, 1977 AMC 1123 (N.D. Cal.1977) (holding that leased sonar equipment became appurtenant to the vessel and was thereby subject to the maritime lien). The determination of whether particular equipment on a vessel can avoid a lien is decided on a case by case basis. See 1 Schoenbaum § 9-1 (citing cases). Appurtenances can include the hull and engines, tackle, apparel, and furniture of all kinds. *Gonzalez v. M/V Destiny Panama*, 102 F.Supp.2d 1352 (S.D. Fla.2000).

*Id*. at *4. Based on precedent in this Court, a maritime lien for necessaries will attach to gambling and casino equipment because it is "necessary to the navigation, operation and mission" of a gambling vessel. *See Liquid Vegas*, 2009 WL 3347596 at *7; *see also Motor Services Hugo Stamp, Inc. v. M/V Regal Empress*, Case No.: 8:03-cv-703-MSS (M.D. Fla. 2003) (Scriven, J.) (slip op.). It is likely, therefore, that upon final judgment the slot machines and ATMs will be found to be appurtenances

---

[3] NREC, Able Oil and Interbay Coatings.

[4] IGT assigns these machines a value of $272,525, and alleges it is owed $430,970. Doc. No. 75 ¶¶ 12, 13.

-4-

of the Vessel, to any liens that are superior to the interests of their suppliers. As such, motions to release the slot machines or other equipment, at this juncture – before the Court has had an opportunity to determine which maritime lien claims are valid – are premature.

Instead, in recognition of the circumstances, Reel Games and Ultron may if they wish renew their motions to remove equipment, subject to the posting of specific proposed bond amounts to protect the interests of any superior lien holders.

Under the Local Rules and Supplemental Admiralty Rule, the Court may release any vessel, cargo or property in possession of the Marshal or substitute custodian to the party on whose behalf the property is detained; however, a bond or other security is required as a condition of the release. Local Rule 7.05(i)(1); Supplemental Rules for Admiralty Or Maritime Claims Asset Forfeiture Actions E(5) (providing for the release of arrested vessels upon stipulation, bond or court order). The parties may stipulate to the amount of such security, which should cover the amount of the plaintiff's claim fairly stated, but should not exceed twice the amount of plaintiff's claim or the value of the property as appraised, whichever is smaller. Supplemental Adm. Rule E(5)(a). Local Rule 7.05 allows the release of the property seized for a bond in the amount of the appraised or agreed value. Local Rule 7.05(i)(1)(B).

In a Stipulation to the Bond Amount filed by Orchard Drive and Reel Games immediately prior to the evidentiary hearing, those two parties agreed to a $1.5 million bond for removal of the slot machines "if the Court determines that Orchard Drive's mortgage liens include the slot machines." Doc. No. 78. Not all parties have had an opportunity to consider objecting to the amount of this bond. Accordingly, if Reel Games wishes to go forward with this option (counsel expressed doubts at the hearing), it should confer with all parties of record and file a renewed motion.

Likewise as to Ultron, though evidence was presented as to the value of the ATMS on the vessels, other interested parties did not have a sufficient opportunity to consider what size bond might be appropriate in light of this ruling. Ultron may renew its motion after conferring with all parties of record.

**DONE** and **ORDERED** in Orlando, Florida on May 3, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record