# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CANAVERAL PORT AUTHORITY,

                    **Plaintiff,**

-vs-                                        **Case No. 6:09-cv-1919-Orl-28DAB**

M/V SURFSIDE PRINCESS, SURFSIDE
PRINCESS, LCC, and OCEANS CASINO
CRUISES, INC.,

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration with oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**    **REEL GAMES INC.'S MOTION FOR REINSTATEMENT OF ARREST, REINSTATEMENT OF VERIFIED COMPLAINT *IN REM* AND REAPPORTIONMENT OF CUSTODIAL EXPENSES (Doc. No. 226)** |
| **FILED:**       **October 22, 2010** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

        On September 23, 2010, the Court a Report and Recommendation (Doc. 212) recommending that Reel Games' Second Amended Verified Complaint *in rem* be dismissed and its arrest warrant be dissolved for failure to pay custodial costs over several months. Reel Games, Inc. now moves for "reinstatement"[1] of its arrest of the "M/V Surfside Princess," reinstatement of its Second Amended Verified Complaint in rem (Doc. 104) based on its willingness to belatedly pay the custodial expenses

---

[1]Because the Report and Recommendation merely recommended dissolving the arrest warrant, and no order has been issued actually dissolving the warrant, it is still in place.

by November 8, 2010.  Reel Games also seeks – for a sixth time – reapportionment of custodial expenses[2].  Orchard Drive opposes the Motion, arguing that Reel Games' "foot-dragging" and willful failure to pay the custodial costs should not be excused based on the factually unsupported statement that it has "located a lender willing to provide" a loan to now pay the custodial costs.

**Pertinent procedural history**

The first Complaint was filed against the Vessel (and other operating entities) on November 9, 2009. Doc. 1.  Reel Games moved to intervene in this action on December 17, 2009 (Doc. 11) and its first motion for issuance of an arrest warrant on the Vessel was granted on December 18, 2009 (Doc. 14).  The Court subsequently granted a second motion for arrest warrant (following the filing of its Amended Verified Complaint) on December 21, 2009 (Doc. 18); neither warrant was ever executed although authorized by the Court[3].  After several other parties intervened as Plaintiffs, the substitute custodian was appointed on March 25, 2010.  Doc. 61.  The Vessel was arrested on March 26, 2010 by Orchard Drive[4].  Doc. 63.  On May 27, 2010, the Court ordered all arrest warrants to be executed on the Vessel no later than June 11, 2010, and Reel Games' arrest warrant was executed on June 7, 2010.  Doc. 120.

On June 18, 2010, the Court ordered Reel Games to pay its portion of the custodial expenses (44.5%) based on each Plaintiffs' claim relative to the estimated value of the Vessel and the

---

[2]The Court's reasoning for the apportionment of costs is discussed at length in the Amended Report and Recommendation and will not be revisited.  Doc. 212.  To the extent the Motion seeks reconsideration of that decision, such relief would be denied.

[3]Reel Games states that its reason for deferring having the Vessel arrested was it was attempting to secure the release of the slot machines on board.  Doc. 165.

[4]The original Plaintiff Canaveral Port Authority did not arrange to have the warrant executed by the Marshal, although the motion seeking the warrant was granted on November 10, 2009.  Doc. 3.

percentages relative to the group of claims as a whole[5]; the parties were directed to confer to reach agreement on the logistics of payment of the proportional shares and make the payment to Orchard Drive. Doc. 138. Reel Games did not. Instead, more than six weeks later, Reel Games filed a Motion for Reconsideration of apportionment of custodial expenses on July 30, 2010. Doc. 165.

On August 3, 2010, Orchard Drive filed its Motion to Dissolve Reel Games' lien for failure to pay its portion of the custodial expenses. Doc. 167. Following the hearing on August 26, 2010, the Court denied Reel Games' Motion for Reconsideration and ordered Reel Games to pay the original allocation set forth in the Court's June 18, 2010 Order (Doc. 138) by September 1, 2010, "failing which Reel Games' arrest warrant will be dissolved with the attendant consequences." Doc. 197. Reel Games was required to pay its share based on its original claims by September 1, 2010 and to file a Notice of Payment; alternatively, Orchard Drive was ordered to file a Notice of Non-payment. Doc. 197. On September 1, 2010, Reel Games filed its Notice of Inability to Comply with the Court's Order (Doc. 201) and Orchard Drive filed its Notice of Non-payment of Custodial Fees from Reel Games (Doc. 202).

On September 23, 2010, the Court entered its Report and Recommendation (Doc. 212) recommending that Reel Games' Second Amended Verified Complaint *in rem* be dismissed for failure to pay custodial costs. On October 22, 2010, Reel Games filed this Motion for Reinstatement of Arrest, Reinstatement of Verified Complaint *in Rem*, and Reapportionment of Custodial Expenses (Doc. 226) because Reel Games represents that it has now found "a lender willing to provide a loan so that Reel Games can pay its share of the custodial expenses." Reel Games seeks leave until

---

[5]Apportionment of the costs was based upon the percentage of the parties' respective claims in the parties' Joint Statement of Positions (Doc. 133), dated June 15, 2010, against the estimated value of the Vessel. Doc. 138.

November 8, 2010 to pay its share of the custodial expenses and have its prior arrest of the M/V

Surfside Princess and its Second Amended Intervening Complaint *in rem* retroactively reinstated.

**Analysis**

As the Court pointed out in the September 23, 2010 Report and Recommendation (Doc. 215),

Reel Games has failed for the last eleven months to have the Vessel arrested and pay its portion of

the custodial costs.  The Vessel was arrested on March 26, 2010.  Doc. 63.  Reel Games first filed its

Intervening Complaint on December 17, 2009 (Doc. 11) but did not have its arrest warrant finally

served on the Vessel until June 7, 2010. *See* Doc. 120.  The Court allowed Reel Games, after a belated

(by six weeks) motion for reconsideration, until September 1, 2010 to pay its portion of the custodial

costs or be subject to having the arrest warrant vacated and its operative Intervening Complaint

dismissed.  Reel Games failed to comply with the Court's repeated orders to pay its portion of the

custodial costs.

In general, "a valid seizure of the res is a prerequisite to the initiation of an *in rem*" action.

*Betty K Agencies, Ltd. V. M/V Monada*, 432 F.3d 1333, 1341 (11th Cir. 2005) (citing *Republic Nat'l*

*Bank of Miami v. United States*, 506 U.S. 80, 84 (1992)).  Where there is no proper arrest of the vessel

as required by Admiralty and Maritime Supplemental Rule E, this Court sitting in admiralty does not

have jurisdiction over Reel Games' *in rem* claims against the Vessel.  *See, e.g,, Burns Bros. V. Long*

*Island R. Co.,* 176 F.2d 950 (2d Cir. 1949) (valid arrest of vessel is required by admiralty rules and

without it the court lacks jurisdiction to enter decree *in rem*).

Orchard Drive argues that Reel Games' Motion for Reinstatement is nothing more than an

unauthorized reply in support of Reel Games' objection to the Report and Recommendation and the

sixth iteration of its argument that Local Admiralty Rule 7.05(f)(2)(B) should dictate the

apportionment of custodial costs.  Orchard Drive contends that Reel Games' filing of the

-4-

Reinstatement Motion two days after Orchard Drive moved for an interlocutory sale of the Vessel "shows that Reel Games has all along sought to shift the risk of preserving the Vessel to other plaintiffs and only now that a sale is imminent with the promise of a quick reimbursement but after violating Court Orders does Reel Games seek to pay its share of custodial costs." Doc. 229 at 4.  The timing of the Motion, Orchard Drive argues, was designed to shift the risk of preserving the Vessel upon the other Plaintiffs until the last moment, and now, after the other parties have preserved the Vessel for at least 210 days and borne the attendant risks, with the prospect of an imminent sale and quick reimbursement, does Reel Games come forward to pay its share of the custodial costs.  Doc. 229 at 10.

Reel Games' attempt to pay the custodial costs comes too late, and well after Court established deadlines for doing so.  Accordingly, it is respectfully **RECOMMENDED** that Reel Games' Motion for Reinstatement of Arrest, Reinstatement of Verified Complaint *in Rem*, and Reapportionment of Custodial Expenses (Doc. 226) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2010.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Any Unrepresented Party
Courtroom Deputy